E-FILED
Monday, 20 July, 2026  11:45:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PAUL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04150-SLD-RLH |
| | ) | |
| BRYAN TRIBBLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff Paul Davis's Emergency Motion for Preliminary Injunction, ECF No. 8; Motion for Emergency TRO Temporary Restraining Order, ECF No. 15; Motion Invoke All Writs Act, ECF No. 16; and Defendant Bryan Tribble's Motion for Extension of Time to Move to Dismiss the Complaint and Respond to Plaintiff's Motion for Injunctive Relief, ECF No. 12. For the reasons that follow, Davis's motions are DENIED and Tribble's motion is GRANTED IN PART and MOOT IN PART.

## BACKGROUND

Davis files suit against Tribble, who he alleges is "director of the federal/state partnership operating in" Illinois. Compl. 1, ECF No. 1. The complaint, which is full of legalese, appears to assert that Tribble is violating Davis's constitutional rights by collecting child support. *Id.* at 2–3.

Davis filed the pending Emergency Motion for Preliminary Injunction on July 6, 2026. Emergency Mot. 1. He states that he had "recently been emailed a very threatening letter from" Joseph Arias, attorney for the Illinois Department of Healthcare and Family Services, "wanting to incarcerate [him] for failure to pay child support." *Id.* (capitalization altered). He attached to his motion for injunctive relief the Department of Healthcare and Family Services's Motion to

1

Lift the Stay on Petitioner Paul Davis's Indirect Civil Contempt Sentence and Reset His Purge

Provision, ECF No. 8 at 2–9, which was filed in Rock Island County Court, *see* 2019F26, Rock

Island County, IL,

https://judici.com/courts/cases/case_history.jsp?court=IL081025J&ocl=IL081025J,2019F26,IL0

81025JL2019F26P1.  Davis then filed the Motion for Emergency TRO Temporary Restraining

Order on July 16, 2026, which raises the same concern that his rights are being violated in the

ongoing state suit.  *See generally* Mot. Emergency TRO.  He asks the Court to "please intervene"

in the state case.  *Id.* at 4.  The next day, Davis filed the Motion to Invoke All Writs.  *See* Mot.

Invoke 1.  He seems to raise the same concern about mistreatment in state court litigation and

seeks to compel compliance with federal regulations he alleges apply to his child support matter.

*See generally id.*

## DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The domestic relations exception to federal

jurisdiction requires federal courts to abstain from deciding cases involving divorce, alimony,

and child custody decrees.  *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018); *Keith v. Wis.*

*Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) ("Under

[the domestic-relations exception], federal courts avoid deciding cases involving divorce,

alimony, and child custody decrees for reasons including state courts' superior proficiency in

addressing these matters." (quotation marks omitted)).  The exception also extends to cases that

implicate proceedings like the collection of unpaid alimony that are "litigated as a tail to the

original domestic relations proceeding."  *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th

Cir. 1998).

The Seventh Circuit and district courts within the Seventh Circuit have repeatedly held that the domestic relations exception bars claims where the plaintiff in effect asks for relief from child support obligations. *See, e.g.*, *Keith*, 2022 WL 741731, at \*2 ("Keith's challenge to the state child-support orders and his allegations of state actors' interference with his parental rights fall in the core of cases contemplated by [the domestic relations] exception."); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) ("Syph's suit, which raises federal- and state-law challenges to his child-support obligations, falls squarely within the domestic-relations exception."); *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, 24-cv-180-wmc, 23-cv-755-wmc, 2024 WL 3924576, at \*2 (W.D. Wis. Aug. 23, 2024) ("[T]his court cannot adjudicate claims concerning the imposition and collection of child support obligations falling within the area of family or domestic relations, which is governed by state law."); *Merritt v. Grady*, No. 23-cv-16243, 2024 WL 3581915, at \*2 (N.D. Ill. July 30, 2024) ("Insofar as [the plaintiff] asks this Court to modify or undo any such [child support] orders, the domestic-relations exception bars the Court from exercising jurisdiction over those claims."). Davis's motions ask the Court to enjoin or intervene in litigation regarding the collection of child support, something the Court lacks jurisdiction to do.

### CONCLUSION

Accordingly, Plaintiff Paul Davis's Emergency Motion for Preliminary Injunction, ECF No. 8, the Motion for Emergency TRO Temporary Restraining Order, ECF No. 15, and the Motion Invoke All Writs Act, ECF No. 16, are DENIED. Defendant Bryan Tribble's Motion for Extension of Time to Move to Dismiss the Complaint and Respond to Plaintiff's Motion for Injunctive Relief, ECF No. 12, is GRANTED IN PART and MOOT IN PART. The request for an extension of time to respond to the motion for an injunction is MOOT in light of this Order.

The request for an extension of time to file a motion to dismiss is GRANTED.  Any motion to dismiss is due August 19, 2026.

Entered this 20th day of July, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

4