E-FILED
Wednesday, 25 November, 2026 11:52:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PAUL S DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-04150-SLD-RLH |
| | ) | |
| BRYAN TRIBBLE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

In this case, Plaintiff Paul S Davis sues Defendant Bryan Tribble, an Administrator with the Illinois Department of Healthcare and Family Services ("HFS"). Davis seeks compensatory and punitive damages for Tribble's alleged interference with his rights, suffered when Tribble forced Davis to pay child support despite Davis never having consented to participation in the child support system. Before the Court is Davis's motion for recusal, ECF No. 19, which the Court DENIES because the motion does not identify a basis for recusal and the Court is not aware of any. Also before the Court is Tribble's motion to dismiss, ECF No. 25. That motion is GRANTED because Davis seeks to interfere with an Illinois state court case involving domestic relations, and because his only reasons for invoking federal law are frivolous.

**BACKGROUND**

Davis has been a party to a civil proceeding in the Fourteenth Judicial Circuit of Illinois since 2019. *See* 2019F26, Rock Island County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL081025J&ocl=IL081025J,2019F26,IL081025JL2019F26P1 (last visited Nov. 11, 2026). In that case, the court ordered Davis to pay child support and found him in contempt for failing to make those payments. *Id.* The child support was ordered pursuant to the Illinois statute implementing Title IV-D of the Social

Security Act, 42 U.S.C. §§ 651–669b, *see* Compl. 2, ECF No. 1, a federal statute that provides funding to states on the condition that they establish programs to enforce the payment of child support. Davis never consented to participation in the child support program. Compl. 3. Despite Davis's request to terminate his child support obligations, HFS refused to do so. *Id.*

Davis then moved on to challenging his child support obligations in federal court. On July 26, 2024, Davis filed a complaint in this Court against an Illinois judge, the assistant attorney general representing HFS in the state case, the director of HFS, and the United States Secretary of Health and Human Services. *See* Compl., *Davis v. Mesich*, No. 4:24-cv-4122-SLD-JEH (C.D. Ill. Jul. 26, 2024), ECF No. 2. In it, he alleged that those individuals violated his due process rights by enforcing a child support order against him and entering income withholding orders. *Id.* The Court dismissed the case for lack of subject matter jurisdiction because the domestic-relations exception "bars cases where the plaintiff in effect asks for relief from child support obligations." Oct. 31, 2024 Order 2–4, *Davis v. Mesich*, No. 4:24-cv-4122-SLD-JEH (C.D. Ill. Jul. 26, 2024), ECF No. 8.

On April 14, 2026, Davis tried a new tactic: removing the underlying state case to federal court. *See* Not. Removal, *Davis v. Mesich*, No. 4:26-cv-04101-SLD-RLH, 2026 WL 1736201 (C.D. Ill. Apr. 14, 2026), ECF No. 1. This Court, however, remanded to state court, holding that it did not have subject matter jurisdiction because the domestic-relations exception prevents federal courts from deciding cases "that implicate proceedings like the collection of unpaid alimony or child support." *Davis v. Mesich*, No. 4:26-cv-04101-SLD-RLH, 2026 WL 1736201, at *1 (C.D. Ill. June 16, 2026).

This case is Davis's third attempt. He now brings suit against Tribble for a number of constitutional violations, including violations of the Fifth Amendment right to due process, the

Thirteenth Amendment prohibition of slavery (allegedly imposed by garnishing wages and threatening imprisonment), and the Fourth Amendment right to be free of unreasonable searches and seizures in the form of compelled use of Davis's social security number. *See* Compl. 5.[1] Davis requests a full refund, with interest, of the child support he has already paid, along with $1,500,000 in compensatory and punitive damages. *Id.*

There are now two pending motions. In the first, Davis asks the undersigned to recuse. Mot. Recusal 1. He notes that judges must "disqualify themselves in any proceeding where their 'impartiality' might reason[ab]ly be questioned, OR [sic] where their 'spouse' has a known, substan[t]ial interest that could be affected by the proceeding." *Id.* (quoting 28 U.S.C. § 455). In the second, Tribble asks the Court to dismiss the case for lack of subject matter jurisdiction and failure to state a claim. Mem. Supp. Mot. Dismiss 1, ECF No. 26. He argues that the case falls within the domestic-relations exception to federal jurisdiction, as well as several abstention doctrines, and that the case should be dismissed because Davis "relies upon a variant of sovereign citizen templates" that "'have been rejected repeatedly by courts as frivolous and a waste of court resources.'" *Id.* at 12 (quoting *Oneida Cnty. Child Support Agency v. Logalbo*, No. 24-cv-278-wmc, 2024 WL 2924218, at *1 (W.D. Wis. June 10, 2024)). Tribble also requests a gatekeeping order "to curtail litigation abuses by [Davis]." *Id.* at 1. Davis opposes the motion, arguing primarily that Tribble's actions are unconstitutional because Title IV-D is a "non-positive law title" that is "NOT LAW," and that consequently the child support system overseen by HFS is no more than a contractual partnership between private parties operated for profit. Resp. Mot. Dismiss 1–6, ECF No. 33.[2]

---

[1] The Complaint as filed contains two page fours. Since they appear to be identical and the second was inadvertently added, the Court continues to use the Complaint's internal pagination.

[2] Davis's response contains two pages with handwriting before the pagination begins. Since the Court does not refer to the first two pages in this order, it uses the internal pagination provided by Davis for ease of reference.

## DISCUSSION

### I. Motion to Recuse

28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This is an objective inquiry concerned with "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). A judge must also recuse herself if her spouse "[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(5)(iii). In this case, there are no grounds on which a reasonable person would question the undersigned's impartiality. Davis does not identify any factual circumstances that would risk an appearance of prejudice or that implicate an interest of the undersigned's spouse. *See* Mot. Recuse 1. Nor is the Court aware of circumstances that might require recusal. The motion to recuse is therefore DENIED.

### II. Motion to Dismiss

As this court has repeatedly held, it does not have jurisdiction to interfere with state law cases involving child support payments. *See Davis*, 2026 WL 1736201, at *1; Oct. 31, 2024 Order 2–4, *Davis v. Mesich*, No. 4:24-cv-4122-SLD-RLH (C.D. Ill. Jul. 26, 2024), ECF No. 8. That is fundamentally what Davis seeks to do. He asks the Court to refund the child support payments he has already made and award damages to compensate him for having been compelled to make them. Compl. 5–6. Davis cannot circumvent the domestic-relations exception by couching his claims in the language of constitutional rights. *See Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (holding that the domestic-relations exception "appl[ies] to both federal-question and diversity suits"); *Syph v. Arce*, 772 F. App'x 356, 357

(7th Cir. 2019) (holding that the domestic-relations exception "also applies to assertions of federal-question jurisdiction"); *Meritt v. Grady*, No. 23-cv-16243, 2024 WL 3581915, at *2 (N.D. Ill. July 30, 2024) ("Insofar as he asks this Court to modify or undo any [child support] orders, the domestic-relations exception bars the Court from exercising jurisdiction over those claims.").

Even if the Court did reach the merits of Davis's constitutional claims, the claims would fail because they are all grounded in frivolous sovereign citizen theories. Sovereign citizens generally assert that they are not subject to the jurisdiction of the court because they have not consented to its authority. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 766–67 (7th Cir. 2011). Davis's primary argument is a slight deviation: he cannot be compelled to pay child support because he has not consented to participation in the Title IV-D scheme. Compl. 3–5. HFS has no statutory authority to demand payments because Title IV-D is "NOT LAW," he continues, and HFS is therefore the equivalent of a private business offering assistance to families in need. Compl. 2; Resp. Mot. Dismiss 1–6. This is, of course, an absurd theory that has "no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). Title IV-D is a section of the Social Security Act, passed under the Spending Clause of the United States Constitution, *Hodges v. Thompson*, 311 F.3d 316, 318–20 (4th Cir. 2002), and its requirements are enacted by states pursuant to their police powers, *see Proffitt v. Christian County*, 19 N.E.2d 345, 348 (Ill. 1939) ("The General Assembly, under the police power, has power to make such laws as are necessary to provide for the public welfare."); *Pouchert v. Boese*, 26-CV-516, 2026 WL 915085, at *2 (E.D. Wis. Apr. 2, 2026) ("A state's authority to regulate domestic relations arises from the state's inherent police power."). Davis does not have to consent to these laws to be bound by them. Courts across the country have

rejected similar arguments challenging the constitutionality of child support systems. *See, e.g.*, *Dietz v. Dep't of Soc. Servs. Child. Support*, No. 4:23-CV-04114-RAL, 2024 WL 1882165, at *5–12 (D.S.D. Apr. 30, 2024); *Thompson v. Cummings*, No. 3:24-cv-6183-CMC, 2026 WL 125164, at *2 (D.S.C. Jan. 15, 2026).

Davis brings other, related arguments, but since they all espouse similarly unfounded legal theories, they are rejected summarily. *See Benabe*, 654 F.3d at 767 (stating, in a similar sovereign citizen context, that "[t]hese theories should be rejected summarily, however they are presented"); *Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017) (summarily rejecting a plaintiff's argument that "he's a 'sovereign citizen' and therefore can't lawfully be taxed by Indiana or its subdivisions in the absence of a contract between them and him").

**III. Request for Gatekeeping Order**

Finally, Tribble requests a five-year gatekeeping order to prevent Davis from filing any more frivolous complaints related to his case in state court. Mem. Supp. Mot. Dismiss 14–15. When rejecting Davis's previous attempt to remove his state court case to federal court, the Court stated that it "w[ould] consider whether sanctions against Davis are appropriate" in this (then recently filed) case. *See Davis*, 2026 WL 1736201, at *1 n.1.

Federal Rule of Civil Procedure 11(c) allows a court to impose sanctions on a party who "files pleadings that are not reasonably based on the law or in fact, or that are meant to harass." *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1433 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). It may impose sanctions on its own initiative "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). "The standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances."

*Brown*, 830 F.2d at 1435. A party's actions are sanctionable if they are (1) frivolous or (2) done for an improper purpose. *Id.* at 1435–36. An action may be frivolous if it does not "contain[] a plausible view of the law." *Id.* at 1435.

Davis has, despite the Court's admonishments, repeatedly brought actions reflecting patently absurd legal theories. His frivolous attempts to challenge court-ordered child support clearly constitute a sanctionable offense. The Court has warned Davis that it would consider the propriety of sanctions in this case, and he declined the opportunity to respond to Tribble's request for a gatekeeping order, *see generally* Resp. Mot. Dismiss. Though the Court does not find that monetary sanctions are necessary to deter further misconduct, *see* Fed. R. Civ. P. 11(c)(4), the Court will refer Davis to the Chief Judge for consideration of a filing ban, *see* Civil LR 83.2. Davis may be subject to monetary sanctions for future frivolous filings.

**CONCLUSION**

Accordingly, Plaintiff Paul Davis's motion for recusal, ECF No. 19, is DENIED. Defendant Bryan Tribble's motion to dismiss, ECF No. 25, is GRANTED. Because the Court lacks subject matter jurisdiction, this dismissal is without prejudice. Tribble's request for a gatekeeping order is GRANTED IN PART. Pursuant to Civil Local Rule 83.2, the Court will refer Davis to the Chief Judge for consideration of a filing ban.

Entered this 25th day of November, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE